Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | James F. Holderman |
|---|---|---|---|
| **CASE NUMBER** | 10 C 195 | **DATE** | 10/27/2010 |
| **CASE TITLE** | Michele Scharwatz vs. Matteson Auto Sales, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, Defendants' Motion to Dismiss Plaintiff's Complaint [11] is denied. Defendants' Answer is due on or before 11/10/2010. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 11/16/2010. Status hearing set for 11/23/2010 at 9:00 a.m. for purposes of scheduling further dates. Parties are encouraged to discuss settlement.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

This matter comes before the court on a motion to dismiss filed by defendants Matteson Auto Sales, Inc. and Postma Automotive, Inc. (together "Defendants"), requesting that this court dismiss plaintiff Michele Scharwatz's ("Scharwatz") two-count Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11.) For the reasons stated below, Defendants' motion is denied.

On January 12, 2010, Scharwatz filed a two-count Complaint against Defendants, alleging a single count of sexual harassment and a single count of retaliation. In her Complaint, Scharwatz alleges that, "On October 14, 2009 the Equal Employment Opportunity Commission ["EEOC"] transmitted its right to sue letter ["Right to Sue Letter"] to Plaintiff's counsel" and that "Plaintiff timely filed suit within the requisite ninety (90) days of receipt of the right to sue letter." (Dkt. No. 1 ("Pl.'s Compl.") ¶ 9.)

Defendants contend that the Right to Sue Letter was actually mailed to Scharwatz on July 27, 2009 via certified mail, and they argue that this evidence conclusively establishes that Scharwatz's lawsuit was filed more than 90 days after she received the Right to Sue Letter.

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiffs generally need not anticipate or attempt to defend against affirmative defenses; however, dismissal is appropriate if the allegations in the complaint "plainly reveal[ ] that an action is untimely." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The court construes the allegations of the Complaint in the light most favorable to Scharwatz, and accepts all material facts alleged in the Complaint as true. *Rujawitz v. Martin,* 561 F.3d 685, 688 (7th Cir. 2009).

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a plaintiff has 90 days in which to file his or her civil action

after receiving a notice of right to sue from the EEOC. In the Seventh Circuit, the 90-day period begins when the plaintiff or plaintiff's counsel actually receives the right to sue notice. *Houston v. Sidley & Austin,* 185 F.3d 837, 839 (7th Cir.1999). In the absence of evidence proving dates of delivery, the law presumes timely delivery of a properly addressed piece of mail, and this presumption includes a presumption that the Postal Service timely notifies individuals that certified mail is being held for their collection. *Bobbitt v. Freeman Cos.,* 268 F.3d 535, 538 (7th Cir. 2001); *McPartlin v. Comm'r, of the Internal Revenue Serv.,* 653 F.2d 1185, 1191 (7th Cir. 1981).

Scharwatz's Complaint clearly states that the EEOC transmitted the Right to Sue Letter to her attorney on October 14, 2009. (Pl.'s Compl. ¶ 9.) Scharwatz has not attached a copy of the Right to Sue Letter to her Complaint. However, this court may consider documents attached to a motion to dismiss "part of the pleadings" under Federal Rule of Civil Procedure 10(c), "if they are referred to in the plaintiff's complaint and are central to [her] claim." *McCready v. Ebay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

Citing *McCready*, Defendants have attached the Right to Sue Letter as an exhibit to their motion, and they ask the court to accept as true the date and mailing address set forth therein. Assuming, without deciding, that the Right to Sue Letter is central to Scharwatz's claims, this court nevertheless finds that the information set forth in the Right to Sue Letter does not conclusively establish Defendants' affirmative defense.

The mere fact that the Right to Sue Letter was dated on July 27, 2009 and sent via certified mail to Scharwatz's address does *not* constitute an express admission by Scharwatz that she actually received the Right to Sue Letter on that day. While Defendants are correct in stating that the law presumes timely delivery of a properly addressed piece of mail, *see Bobbitt,* 268 F.3d at 538, this presumption will fall away in the face of contradictory evidence produced at an appropriate stage of the litigation. In *Bobbitt*, the district court ordered the plaintiff to explain the gap in time between the date the EEOC issued its notice of right to sue and the date the plaintiff received the notice, and the plaintiff failed to do so. However, in light of the fact that Defendants "have the burden of proving that the suit was untimely," *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009), this court finds that Scharwatz was not required to include this information in her Complaint.

In response to Defendants' motion to dismiss, Scharwatz contends that she never received the Right to Sue letter. (Dkt. No. 15 ("Pl.'s Resp.") ¶ 2.) This additional allegation is not necessarily inconsistent with the allegations set forth in Scharwatz's Complaint or the information contained in the Right to Sue Letter. *See Twombly*, 550 U.S. at 563 ( "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.") Questions regarding the date that Scharwatz (or her attorney) received the Right to Sue Letter, and whether Scharwatz was at fault for not receiving the Right to Sue Letter at the time it was mailed, are disputed questions of fact. These questions involve "matters outside the pleadings," thus requiring resolution through summary judgment procedures. *See* Fed. R. Civ. P. 12(d). Accordingly, the court denies Defendants' 12(b)(6) motion to dismiss, without prejudice to Defendants filing a motion for summary judgment on the issues raised therein.

*/s/ James F. Holderman*

|  | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|